(58 Misc. Rep. 451.)

FRAENKEL v. FRIEDMAN.

(Supreme Court, Special Term, New York County. March, 1908.)

PLEADING—AMENDMENT—CONFORMITY TO PROOF.

A contractor sued to foreclose a lien on a building, alleging performance of the contract. The evidence showed that the contract was not performed according to all its terms, and that a deviation from the contract led to the filing by the bureau of buildings in the city of New York of violations of the building code. *Held*, that a motion by plaintiff at the end of the trial to amend the complaint, alleging a substantial compliance with the contract and a waiver by the owner of strict compliance, will be denied.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 603–619.]

Action by Armin Fraenkel against Jonathan Friedman to foreclose a mechanic's lien. Complaint dismissed.

S. J. Cohen (Thos. C. Ennever, of counsel), for plaintiff.
Levi, Weil & Newhouse (A. C. Weil, of counsel), for defendant.

HENDRICK, J. This is an action to foreclose a mechanic's lien. The action was upon a contract for the performance of certain work and materials in making alterations of the premises No. 635 East 135th street, in New York City. The complaint alleges that, prior to the filing of the notice of lien claimed, the plaintiff had performed all of the work and furnished all of the material required to be performed and furnished under the contract, and fully completed the contract. It developed upon the trial that the plaintiff was unable to establish a compliance by himself with the terms of the contract, and, in lieu thereof, he attempted to prove a substantial compliance. It appears from the proofs which were offered that there were substantial deviations from the contract, and that some of these deviations lead to the filing by the bureau of buildings of violations of the building code. One of these violations was filed because of the fact that at the time certain beams were first inserted there was a bearing of one or two inches only on the flange, whereas the specifications required a four-inch bearing. Plaintiff claims that this defect was corrected by riveting an iron plate four inches in length to the beam. It does not appear that the plaintiff obtained the sanction of the department of buildings to this method of doing the work; and, after several reinspections of the work by the department, the violation was held to be still in force, and it is now on file and in the hands of the corporation counsel of the city of New York

for prosecution. There are several other deviations from the contract, some of minor importance; and proof was offered upon the trial tending to prove that the defendant had waived the strict compliance with the contract, and had, in most instances, assented to the deviations which were established.

It was conceded, however, at the close of the trial, that in some particulars at least the contract had not been fulfilled by the plaintiff. At the end of the trial the defendant moved to dismiss the complaint on the ground that the plaintiff had failed to establish the performance of the terms of the contracts, in that he had not done the work, and furnished the material provided for in the contract, the plans, and the specifications, and had not established the cause of action alleged in the complaint. Thereupon the plaintiff moved to amend the complaint, so as to allege, in substance, a substantial compliance with the terms of the contract and a waiver by the defendant of a strict compliance with the terms of the contract. This motion was opposed by the defendant, who claimed surprise. The court has no power to grant such an amendment at the close of the trial. The recovery must be, if at all, secundum allegata et probata. It follows that the complaint must be dismissed.

Complaint dismissed, with costs.